RECEIVED
USDC CLERK, CHARLESTON, SC
2007 MAR 30 A II: 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larkland Richards, #281768, | ) | C. A. No. 2:06-3343-MBS-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden, Trenton Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought
by a state prisoner proceeding pro se is before the undersigned
United States Magistrate Judge for a report and recommendation on
the respondents' summary judgment motion filed on February 5,
2007. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The Petitioner, Larkland Richards, is currently incarcerated
in Trenton Correctional Institution of the South Carolina
Department of Corrections pursuant to orders of commitment from
the Clerk of Court of Aiken County.  Petitioner was indicted in
January 2002 for distribution of crack cocaine. (PCR App. p. 69).
Regina Poteat, Public Defender for Aiken County, represented
Petitioner on the charge.  Petitioner entered a guilty plea on
February 7, 2002, in exchange for the State *nolle prossing* three
other pending drug charges. (PCR App. pp. 6-7).  The Honorable
William P. Keesley heard and accepted the plea.  The judge

1

sentenced Petitioner to twelve (12) years imprisonment. (PCR App. p. 18). Petitioner filed a timely notice of intent to appeal.

Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a Final <u>Anders</u> Brief of Appellant in the South Carolina Court of Appeals on July 19, 2002, and raised the following issue for consideration:

> Was Appellant's guilty plea knowingly and voluntarily entered?

(Final <u>Anders</u> Brief, p. 3).

The South Carolina Court of Appeals dismissed the appeal on February 27, 2003. <u>State v. Richards</u>, Unpublished Opinion No. 2003-UP-167 (S.C. Ct. App. 2003). Petitioner did not seek certiorari review from the Supreme Court of South Carolina. The Court of Appeals issued the remittitur on April 1, 2003.

On January 13, 2003, prior to his appeal becoming final, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

> 1.    He was denied his right to effective assistance of counsel both prior to and during his guilty plea proceeding in violation of his right to effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Article 1, Section 14 of the South Carolina Constitution.
>
> 2.    His plea of guilty was not knowingly, voluntarily, and intelligently tendered inasmuch as it was the product of ineffective assistance of counsel — a) erroneously advised the Applicant to enter the plea of guilty to distribution of crack

2

> cocaine where the evidence in this case did not
> provide sufficient factual basis for a conviction
> of that offense; b) counsel was ineffective in
> permitting the Applicant to enter his plea of
> guilty without first obtaining a judicial hearing
> on the question of whether a polic[...e...]
> officer may tender a knowingly false affidavit to
> procure an arrest warrant.

(PCR App. p. 33).

The State made its return on March 27, 2003.  (PCR App. pp. 42-44).  An evidentiary hearing was held October 29, 2003, before the Honorable Jackson V. Gregory at which the petitioner argued only that the indictment was insufficient to confer subject matter jurisdiction, and affirmatively waived any and all other issues. (PCR App. p. 59).  The PCR judge granted relief by order dated November 12, 2003.  (PCR App. pp. 62-64).

The State appealed the grant of relief and filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on July 20, 2004.  Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal.  Appellate counsel filed a return to the State's petition on September 1, 2004.  On August 15, 2005, the Court granted the State's petition, dispensed with additional briefing, and reversed the grant of relief.  Petitioner filed a pro se petition for rehearing dated September 1, 2005.  The Court denied the petition on December 5, 2005, and issued the remittitur on December 6, 2005.

The following documents have been made part of the record

3

here.

    1.    Final <u>Anders</u> Brief of Appellant;

    2.    <u>State v. Richards</u>, Unpublished Opinion No. 2003-UP-167 (S.C.Ct.App. Filed February 27, 2003);

    3.    April 1, 2003 South Carolina Court of Appeals Remittitur Letter;

    4.    PCR Appendix containing:

        a.    Record on Appeal containing:

            1.    February 7, 2002, Guilty Plea Transcript;

            2.    Indictment;

            3.    Sentencing Sheet;

        b.    PCR Application;

        c.    Return (to PCR application);

        d.    October 29, 2003 PCR hearing transcript;

        e.    Post Conviction Relief Order;

        f.    Clerk's Records;

        g.    South Carolina Department of Corrections Records;

    5.    Petition for Writ of Certiorari;

    6.    Return to Petition for Writ of Certiorari;

    7.    <u>Richards v. State</u>, Memorandum Opinion No. 2005-MO-040 (S.C.Sup.Ct. Filed August 15, 2005);

    8.    Petition for Rehearing (with cover letter and certificate of service);

    9.    December 5, 2005 Supreme Court of South Carolina Order (denying petition for rehearing);

    10.   December 6, 2005 Supreme Court of South

Carolina Remittitur Letter.

## **GROUNDS FOR RELIEF**

In his Petition for Writ of Habeas Corpus filed September 19, 2006, Petitioner makes the following challenges in contest of his conviction:

> Ground One:    Involuntary/Unintelligent Guilty Plea due to ineffective assistance of plea counsel;
>
> Ground Two:    Insufficient Indictment and Evidence.

Ground Three: Ineffective Assistance of Counsel.

(Habeas Petition, pp. 6-9).

The petitioner was provided a copy of the respondent's summary judgment motion on February 5, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).  Since the petitioner failed to respond to motion for summary judgment and <u>Roseboro</u> order, an order was entered on March 20, 2007, giving the plaintiff additional ten (10) days to respond.  The petitioner responded to the motion on March 23, 2007.  Hence it appears consideration of the motion is appropriate.

## **STANDARD OF REVIEW**

Title 28, United States Code, Section 2254(d) and (e),

5

provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

### EXHAUSTION AND PROCEDURAL BAR

Dispositive of this entire petition is the respondent's correct assertion that the petitioner's claims are technically exhausted but nonetheless unreviewable here because they are procedurally barred from consideration on the merits in this court.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will

6

consider the claim.

The exhaustion requirement set forth in 28 U.S.C. §
2254(b)[1], requires that "a habeas petitioner must fairly present
his claim to the state's highest court." Baldwin V. Reese, 124 S.
Ct 1347, 158 L.Ed.2d 64 (2004).  The petitioner bears the burden
of proving a ground for habeas relief has been exhausted because
the exhaustion requirement, although not jurisdictional, is
strictly enforced. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.
1997), cert. denied, 118 S.Ct. 102 (1997).

However, since the petitioner has no further way to exhaust
his unexhausted claims, he is not required to attempt to do so;

---

[1] The statute states in relevant part:
(b)(1) An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall
not be granted unless it appears that—
    (A) the applicant has exhausted the remedies available in
the courts of the State; or
    (B)(I) there is an absence of available State corrective
process; or
    (ii)  circumstances exist that render such process
ineffective to protect the rights of the applicant.
    (2)  An application for a writ of habeas corpus may be
denied on the merits, notwithstanding the failure of the
applicant to exhaust the remedies available in the courts of the
State.
    (3)  A State shall not be deemed to have waived the
exhaustion requirement or be estopped from reliance upon the
requirement unless the State, through counsel, expressly waives
the requirement.
(c)  An applicant shall not be deemed to have exhausted the
remedies available in the courts of the State, within the meaning
of this section, if he has the right under the law of the State
to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1)—(3),(c).

7

his claims are deemed technically exhausted for habeas purposes. Matthews v. Evatt, 105 F. 3d 907 (4th Cir. 1997).

Although the claims are technically exhausted, they are nonetheless unreviewable here on the merits because an adequate and independent state law ground, state procedural default, is sufficient to uphold the petitioner's convictions. Where a petitioner fails to comply with a state procedural rule, and that failure provides an adequate and independent ground for the state's denial of relief, federal review will also be barred. Harris v. Reed, 489 U.S. 255 (1989); Coleman v. Thompson, 501 U.S. 722, 735 (1991).

Additionally if a petitioner fails to present a ground for decision, so the state court has nothing upon which to rule, that is a default barring review on the merits here as well. Coleman 501 U.S. at 735; Teague v. Lane, 489 U.S. 288 at 299 (1989). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague, 489 U.S. at 297-98; Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

Nonetheless, a petitioner may overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255 (1989).

8

Petitioner here relies upon the grounds raised in his PCR application to carry his burden to prove that he properly exhausted his claims. However a review of the record reveals that Petitioner made an informed and considered decision to abandon all issues in his PCR application except one which challenged the state law issue of subject matter jurisdiction. (PCR App. pp. 58-59).

In his habeas petition here, Petitioner urged the court to deem his claims properly exhausted: For example he wrote:

> "... Exhaustion was attempted by the petitioner in an APCR, but upon evidentiary review PCR Counsel violated Rule 71.1(d)(f), SCRCP by allowing the PCR Court to waive the ground erroneously when the PCR order of judgment was reduced to writing, signed and entered; And afterwards, PCR Counsel also failed to use Rules 59(e) or Rule 60(b), SCRCP to preserve the record to protect the petitioner's interest on this ground for possible appellate review by a higher court."

Petition pg. unnumbered.

However, at the PCR hearing after the PCR judge indicated that he would grant relief on one ground, the following exchange took place:

> Dukes [Asst. AG]: And, Your Honor, just for the record so its clear, if the State does happen to prevail upon appeal, these other issues he may have, they would be precluded as successive. So if he wants to go forward with any other issues, now would be the time.
> The Court: Okay. That's a good point.
> (An off-the-record discussion then took place between Petitioner and his counsel, Young.)
> Court: What other issues did he allege? Let's put those in the record.
> Dukes: He alleged involuntary guilty plea, evidence insufficient to support a conviction, and ineffective assistance of counsel.

9

> Young: All right. Your Honor, he's informed me that he
> understands that he - - that if he doesn't present
> evidence today supporting those grounds, then he cannot
> raise it at any future P.C.R. application and he has decided
> that he does not want to put forth any additional testimony
> today, realizing that today is the only opportunity to do
> that for these grounds for his P.C.R., is that correct?
> Richards: Yes, sir.
> Court: Is that correct, Mr. Richards?
> Richards: Yes, sir.

(PCR App. pp. 58, line 19- p. 59, line 16).

The petitioner was under oath at the time he told his lawyer
and the PCR judge that he wanted to waive the grounds he now
presents to this court after being advised of the finality of the
decision. After the waiver, the PCR judge made no ruling on the
other grounds, so the grounds were again defaulted. See Pruitt v.
State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992) (issue must be raised
to and ruled on by the PCR judge in order to be preserved for
review). Petitioner simply defaulted the other grounds.

Further Petitioner cannot show cause sufficient to
overcome the bar, since a petitioner must prove the cause for the
default was "external to the defense," Hedrick v. True, 443 F.3d
342, 366 (4th Cir. 2006), quoting Murray v. Carrier, 477 U.S.
478, 488, by showing that "'the factual or legal basis for the
claim was not reasonably available to the claimant at the time of
the state proceeding.'" Id., quoting Roach v. Angelone, 176 F.3d
210, 222 (4th Cir. 1999). Here, Petitioner was aware that other
claims could be presented, and he had the opportunity to present

10

evidence, if any, in support of those claims.  He himself chose
not to proceed with those claims.

Further, to the extent he now blames his PCR counsel for the
default, that would not provide cause to excuse the default
as he does not have a constitutional right to effective
assistance of PCR counsel. Coleman v. Thompson, 501 U.S. 722, 752
(1991)(rejecting finding cause to excuse default on ineffective
assistance of counsel where no constitutional guarantee of
effective assistance existed); Mackall v. Angelone, 131 F.3d 442,
448 (4th Cir. 1997)("in order to constitute cause, attorney error
must amount to constitutionally ineffective assistance of counsel
and that this standard could not be satisfied in the absence of a
constitutional right to counsel").

Nor can Petitioner demonstrate actual innocence of the crime
for which he was convicted to excuse his default.  The record
reveals a valid guilty plea made with the advice of counsel,
voluntarily given after he was advised on the record of his trial
rights and possible sentence, and supported by a substantial
factual basis. See, Boykin v. Alabama, 395 U.S. 238, 24344, 89
S.Ct. 1709 (1969).

In sum, Petitioner has defaulted the claims he presented
here and, as a result, they cannot provide the basis for habeas
corpus relief.  28 U.S.C. § 2254(b).

## CONCLUSION

Accordingly for the aforementioned reasons it is recommended that the respondents' motion be granted and the petition dismissed in its entirety.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March **29** , 2007

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.   In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.    28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4
