IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larkland Richards, #281768, ) | |
| ) | C/A No. 2:06-3343-MBS |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden, Trenton Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Larkland Richards is an inmate of the South Carolina Department of Corrections who currently is housed at the Trenton Correctional Institution in Trenton, South Carolina. Petitioner, appearing pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on Respondent's motion for summary judgment, which motion was filed February 5, 2007. By order filed February 6, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a memorandum in opposition to Respondent's motion on March 23, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge filed a Report and Recommendation on March 30, 2007, in which he recommended that Respondent's motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on April 3, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## I. FACTS

Petitioner was indicted by a state grand jury for distribution of crack cocaine on January 14, 2002.  Specifically, the indictment provided:

> That LARKLAND RICHARDS AKA JAMAICAN RICH did in Aiken County on or about March 29, 2001, distribute to an undercover operative a quantity of Crack Cocaine, a controlled substance under provisions of § 44-53-110, et. Seq., *Code of Laws of South Carolina* (1976), as amended, such distribution not having been authorized by law.

Attachment to Return (Entry 7), Ex. 4, p. 21.

The Public Defender for Aiken County, South Carolina represented Petitioner on the charge. Petitioner entered a guilty plea on February 7, 2002.  Petitioner thereupon was sentenced to twelve years imprisonment and a $50,000 fine by the Honorable William P. Keesley.  See id., p. 23.

Petitioner filed a timely notice of appeal.  The South Carolina Office of Appellate Defense filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on behalf of Petitioner, asserting the following issue for consideration:

> Was Appellant's guilty plea knowingly and voluntarily entered?

Attachments to Return, Ex. 1.  The appeal was dismissed by unpublished opinion filed February 27, 2003.  See State v. Richards, Op. No.2003-UP-167 (S.C. Ct. App. Feb. 27, 2003).  Remittitur was issued on April 1, 2003.  Attachments to Return, Ex. 3.

On January 13, 2003, prior to a ruling on his appeal, Petitioner filed an application for post-conviction relief (PCR). Petitioner asserted the following grounds for relief:

1. He was denied his right to effective assistance of counsel both prior to and during his guilty plea proceeding in violation of his right to effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Article 1, Section 14 of the South Carolina Constitution.

2. His plea of guilty was not knowingly, voluntarily, and intelligently tendered inasmuch as it was the product of ineffective assistance of counsel in that counsel–a) erroneously advised the Applicant to enter a plea of guilty to distribution of crack cocaine where the evidence in this case did not provide sufficient factual basis for a conviction of that offense; b[)] counsel was ineffective in permitting the Applicant to enter this plea of guilty without first obtaining a judicial hearing on the question of whether a policae [*sic*] officer may tender a knowingly false affidavit to procure an arrest warrant.

Attachments to Return, Ex. 4, p. 33 (errors in original).

A hearing was held before the Honorable Jackson V. Gregory on October 29, 2003. Petitioner was represented at the PCR hearing by Thomas R. Young. At the hearing, Petitioner moved the judge to grant the PCR application in light of State v. Mason, Op. No. 2002-UP-774 (S.C. Ct. App. Dec. 11, 2002). Attachments to Return, Ex. 4, p. 56. Petitioner asserted that the indictment was insufficient because it did not state that Petitioner "knowingly" distributed a quantity of crack cocaine. The PCR judge orally indicated that he would grant the PCR application on the basis that the indictment did not set forth all the elements of the crime. Id., pp. 57-58. The following exchange then took place before the hearing adjourned:

> Mr. Dukes [Attorney for the State]: And, your honor, just for the record so it's clear, if the State does happen to prevail upon appeal, these other issues he may have, they would be precluded as successive. So if he wants to go forward with any other issues, now would be the time.
>
> The Court: Okay. That's a good point. . . . What other issues did he allege?

> Let's put those in the record.
>
> Mr. Dukes: He alleged involuntary guilty plea, evidence insufficient to support a conviction, and ineffective assistance of counsel.
>
> Mr. Young: All right. Your honor, he's informed me that he understands that he – that if he doesn't present evidence today supporting those grounds, then he cannot raise it at any future P.C.R. application and he has decided that he does not want to put forth any additional testimony today, realizing that today is the only opportunity to do that for these grounds for his P.C.R. Is that correct?
>
> Mr. Richards: Yes, sir.
>
> The court: Is that correct, Mr. Richards?
>
> Mr. Richards: Yes, sir.

Id., pp. 58-59.

The PCR judge issued an order granting relief on November 12, 2003. The PCR judge noted that "[a]t the Post Conviction Relief Hearing, the Petitioner only argued that the Court lacked subject matter jurisdiction. The Petitioner waived arguing any other grounds that he alleged in his relief application." Id., pp. 62-63. The PCR judge cited Mason for the proposition that "when an indictment does not refer to S.C. Code Ann. § 44-53-370, which states the knowledge element of a crime, but instead refers to S.C. Code Ann. § 44-53-110, which is the general definition portion of the statute, then the indictment is insufficient because it does not contain the requisite elements of the crime." Id., p. 64. The PCR judge therefore determined that the underlying indictment was insufficient because it "failed to include an essential element of the offense and was insufficient to confer jurisdiction upon the Circuit Court. As a result, the Petitioner's guilty plea could not legally be accepted." Id.

The State filed a petition for writ of certiorari to the South Carolina Supreme Court, raising

the following question:

> Did the PCR Court err in concluding that the trial court lacked subject matter jurisdiction when the indictment alleged the essential elements of the offense?

Attachments to Return, Ex. 5. By opinion filed August 15, 2005, the South Carolina Supreme Court reversed. The supreme court noted that the analysis that formed the basis of the PCR judge's ruling, i.e., that an insufficient indictment resulted in a lack of subject matter jurisdiction, no longer was valid. Attachments to Return, Ex. 7 (citing Evans v. State, 611 S.E.2d 510 (S.C. 2005), and State v. Gentry, 610 S.E.2d 494 (S.C. 2005)). The supreme court further found that the issue was without merit because the indictment contained the necessary elements of the offense intended to be charged and sufficiently apprised Petitioner of what he was required to meet. Id. Petitioner filed a pro se petition for rehearing dated August 31, 2005. The petition for rehearing was denied on December 5, 2005, and remittitur issued on December 6, 2005. Attachments to Return, Exs. 9, 10.

The within action was filed November 27, 2006. Petitioner alleges the following grounds for relief:

> Ground one: Involuntary/Unintelligent Guilty Plea. The petitioner raised this ground (1) in an APCR; and upon evidentiary review, the petitioner (through PCR counsel) explained that the elements contained in the indictment was not legally made understood to [Petitioner] by the court and the attorney(s) representing the petitioner in the court of general sessions. This petitioner (at the time) not being made aware by the public defender of the law/constitution in relation to the facts of the case, it applied to what the petitioner appeared before the circuit court judge to stand judgment/adjudicated for, and as of consequence, this petitioner was encouraged by the public defender to plead guilty to indictment number, #02-GS-02-39.

> Ground two: Insufficient Indictment and Evidence. The petitioner raised these 2nd grounds in an APCR, and upon evidentiary review, the PCR judge granted relief; but when the judgment was reduced to writing, the analysis on this ground was erroneously waived and misinterpreted by suggesting the PCR applicant was (only) attacking the court's subject matter jurisdiction to hear the case/charge in the court of general sessions.

> Ground three: Ineffective Assistance of Counsel. Petitioner raised this 3rd ground in an APCR; and upon evidentiary review, this petitioner through appointed PCR counsel demonstrated that the public defender allowed and erroneously advised the petitioner to plead guilty to an indictment that was not legally sufficient to allow a guilty plea to be accepted by a circuit court judge; Petitioner also alleged that PCR counsel failed to challenge the sufficiency of the evidence presented by the prosecuting attorney.

See generally Petition for Writ of Habeas Corpus (Entry 1) (errors in original).

## II. DISCUSSION

Petitioner asserts that the Magistrate Judge erred in finding that Petitioner argued at the PCR hearing only that the indictment was insufficient to confer subject matter jurisdiction. According to Petitioner, "[n]owhere in the record of the PCR court will you find that this petitioner affirmatively waived any grounds; but instead, what this court should find atrocious is the fact that this petitioner was subjected to misconduct by the agent of the Respondent that was designed to manipulate mislead, deceive and perpetuate a fraud on the state courts[.]" Petitioner's Objections to the U.S. Magistrate's Report and Recommendation (Entry 15), p. 6. The court disagrees.

In this case, grounds one, two, and three were raised to the PCR judge in the PCR application. However, at the PCR hearing Petitioner agreed to waive all grounds except as to the purportedly defective indictment under Mason. Petitioner indicated to the PCR judge that he understood he would not be allowed to raise involuntary guilty plea, evidence insufficient to support a conviction, and ineffective assistance of counsel in a successive PCR application. Attachments to Return, Ex. 4, pp. 58-59.

A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). This rule

applies whether the state law ground is substantive or procedural. Id. The "independent and adequate state law ground" applies to bar federal habeas when a petitioner has deprived the state court of an opportunity to address his federal claims because he has failed to meet the state's procedural requirements for presenting his claim. Id. at 732. Thus, when a petitioner fails to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for purposes of federal habeas. Id. at 735, n.1. In such a case, the exhaustion requirement is "technically met"; however, the rules of the procedural bar apply. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).

Grounds one, two, and three therefore are procedurally defaulted with respect to federal habeas because they were waived by Petitioner. Moreover, if such claims now were asserted in state court, they would be barred as successive and being outside the limitations period. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); S.C. Code Ann. § 17-27-45(a). Petitioner has articulated no good cause for the omission or prejudice from denial of review. See Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner's objection is without merit.

Petitioner contends that PCR counsel was ineffective for allowing him to waive the claims set forth in grounds one, two, and three, and for failing to use S.C. R. Civ. P. 59(e) or 60 to protect Petitioner's interests for possible appellate review. Petitioner possess no right to effective assistance of PCR counsel. See 28 U.S.C. § 2254(i); Coleman v. Thompson, 501 U.S. 722, 752 (1991).

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated therein and in this order, Respondent's motion for summary judgment (Entry

8) is **granted**.

    **IT IS SO ORDERED**.

                                                  /s/ Margaret B. Seymour
                                                  United States District Judge

September 4, 2007

Columbia, South Carolina

                            **NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**